IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-00252-CMA-MEH

BRADLEY CROW,

    Plaintiff,

v.

VICKY NIRA,
DR. BRYANT RICHARD,
ASHLEY ALBURY,
DR. MAEL, and
CTCF FACILITY,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) filed by Defendant Vickie Nira (Doc. # 45). The Motion is granted in part and denied in part for the following reasons.

### I.    BACKGROUND

This is a 42 U.S.C. § 1983 action involving alleged violations of the Eighth and Fourteenth Amendments. (Doc. # 34-1, pp. 3, 4).[1] Plaintiff, Bradley Crow, was an inmate at Sterling Correctional Facility in Sterling, Colorado. (Doc. # 34-1, p. 2). He

---

[1] Plaintiff, who is proceeding pro se, has filed at least seven separate complaints. (*See* Docs. ## 1, 14, 16, 18, 23, 26, 34-1). The parties appear to agree that docket number 34-1 is the operative complaint. (*see* Doc. # 45, p. 1).

alleges that DOC staff violated his constitutional rights failing to provide him with medical treatment after he was attacked by gang members. (Doc. # 34-1, p. 6). He is suing various members of the facility's medical staff, alleging violations of the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection guarantee. (Doc. # 34-1). He also alleges violations of the Colorado Crime Victim Rights Act ("VRA"), Colo. Rev. Stat. § 24-4.1-303.

Defendant Vickie Nira now moves to dismiss Plaintiff's claims against her. (Doc. # 45). She argues that Plaintiff has failed to plead a plausible Equal Protection claim and that the VRA does not create a private right of action. (Doc. # 45, pp. 7-10). She also contends that Plaintiff has failed to allege a viable Eighth Amendment claim because (1) Plaintiff has failed to establish either the objective prong or the subjective prong of an Eighth Amendment deliberate-indifference claim (Doc. # 45, pp. 5-7); (2) Plaintiff has failed to allege that she personally participated in any violation of his constitutional rights (Doc. # 45, p. 3); and (3) Ms. Nira is entitled to qualified immunity (Doc. # 45, p. 10).

As explained in more detail below, the Court agrees with Ms. Nira.

## II. LEGAL STANDARD

### A. DISMISSAL STANDARD UNDER F.R.C.P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss,

2

means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted).

**B.    PRO SE PLEADINGS**

Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a plaintiff's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110

3

(10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III. ANALYSIS

#### A. VRA CLAIM

Ms. Nira argues that Plaintiff's claim under the VRA must fail because the VRA does not create a private right of action. The Court agrees.

The VRA provides that "correctional agencies shall ensure that victims of crimes are afforded the [certain] rights." C.R.S.§ 24-4.1-303(1). However, the VRA also states that "[a] person . . . shall not be entitled to claim or receive any damages or financial redress for any failure to comply with this article." C.R.S. § 24-4.1-303(17). Plaintiff's lawsuit plainly seeks damages for an alleged failure to comply with the VRA. (*See* Doc. # 234-1, p. 12 (seeking compensatory and punitive damages for alleged violations of VRA)). Because such claims are barred by the plain language of the VRA, this claim must fail as a matter of law.[2]

#### B. FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM

Ms. Nira next argues that Plaintiff has failed to plead a valid Equal Protection claim. The Court agrees.

---

[2] Because there is no set of facts which would make Plaintiff's VRA claim viable, it would be futile to grant Plaintiff leave to amend this claim. Therefore, this claim will be dismissed with prejudice. "[D]ismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.2006). Further, because Plaintiff's VRA claim must fail as to all defendants, that claim is dismissed as to all defendants.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to assert a viable equal protection claim based on disparate treatment, the plaintiff "must first make a threshold showing that [he was] treated differently from others who were similarly situated[.]" *Gehl Group v. Koby*, 73 F. 3d 1528, 1538 (10th Cir. 1995). In this case, Plaintiff has failed to allege that he was treated differently from any other similarly situated person. Therefore, he has failed to state a viable Equal Protection claim, and his Fourteenth Amendment claim must therefore fail as a matter of law.[3]

## C.  EIGHTH AMENDMENT

Ms. Nira's remaining arguments concern Plaintiff's Eighth Amendment claim. She argues that (1) Plaintiff has failed to establish either the objective prong or the subjective prong of an Eighth Amendment deliberate-indifference claim (Doc. # 45, pp. 5-7); (2) Plaintiff has failed to allege that she personally participated in any violation of his constitutional rights (Doc. # 45, p. 3); and (3) Ms. Nira is entitled to qualified immunity (Doc. # 45, p. 10). The Court agrees. However, because Plaintiff could conceivably amend his Complaint to state a viable Eighth Amendment claim, the dismissal is without prejudice. *Brereton*, 434 F.3d at 1219. Therefore, the Court will

---

[3] Because Plaintiff could conceivably amend his Complaint to state a viable Equal Protection claim, dismissal of this claim is without prejudice. *Brereton*, 434 F.3d at 1219. However, because Plaintiff has failed to plead the elements of a viable Equal Protection claim as to any defendant, this claim is dismissed without prejudice as to all defendants.

address each of Ms. Nira's arguments in turn so that Plaintiff has a fair opportunity to correct the deficiencies in his Complaint.

1. <u>Elements of Eighth Amendment Deliberate-Indifference Claim</u>

Ms. Nira contends that Plaintiff has failed to allege the elements of an Eighth Amendment deliberate-indifference claim. The Court agrees.

The Eighth Amendment forbids government infliction of "cruel and unusual punishment[]." U.S. Const. amend. VIII. "Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs." *Estate of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (citations and quotations omitted).

Constitutional liability under the deliberate-indifference standard contains an objective and a subjective component. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). "The focus of the objective component is the seriousness of the plaintiff's alleged harm, while the focus of the subjective component is the mental state of the defendant with respect to the risk of that harm." *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033,1044 (10th Cir. 2022). The objective component is satisfied if the prisoner's medical need was "sufficiently serious," that is: (1) has been diagnosed by a physician as needing treatment; (2) is so obvious a lay person could recognize the need for treatment; or (3) if a delay in medical care resulted in "substantial harm" such as lifelong handicap, permanent loss, or considerable pain. *Beauford*, 35 F.4th at 1262 (quoting *Farmer*, 511 U.S. at 934; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); and *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The subjective component is

satisfied if the prison official had a culpable, deliberately indifferent state of mind as to the inmate's health or safety. *Beauford*, 35 F.4th at 1232. To be deliberately indifferent, the official must "know of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, the official must (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) must also draw the inference. *Id*. "Whether a prison official had the requisite knowledges of a substantial risk is a question of fact subject to demonstration in usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Beauford*, 35 F.4th at 1263 (citations and quotations omitted). "This is because if a risk is so obvious so that a reasonable man would realize it, we might well infer that the defendant did in fact realize it." *Id.*

The Tenth Circuit recognizes two types of conduct constituting deliberate indifference. "First, a medical professional may fail to treat a serious medical condition properly." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). "The second type of deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Id*.

Plaintiff has failed to adequately allege the elements of an Eighth Amendment deliberate-indifference claim. Specifically, although Plaintiff alleges that he had a severe facial trauma following an assault, he fails to explain what his injuries were or why they required medical attention. (Doc. # 34-1, p. 7). Even when construed liberally, these

7

allegations are not sufficiently specific to establish that Plaintiff's injuries are either (1) diagnosed by a physician as needing treatment; (2) so obvious a lay person could recognize the need for treatment; or (3) will result in "substantial harm" such as lifelong handicap, permanent loss, or considerable pain if not treated. *Beauford*, 35 F.4th at 1262. Therefore, Plaintiff has failed establish the objective component of his deliberate-indifference claim.

Further, Plaintiff has failed to establish the subjective component of a deliberate-indifference claim. Although Plaintiff alleges that Defendants refused to schedule medical consultations, surgeries, rehabilitation, or mental health services (Doc. # 34-1, p. 9), he fails to explain what each Defendant's role was in the alleged denial of care. In fact, Plaintiff fails to even mention the individual defendants by name in the substantive portion of his Complaint; he merely lists them as defendants on the cover page, and then states generally that "[a]ll the named defendants have refused to provide medical attention to fix the injuries I sustained in [M]ay of 2020)[.]" (Doc. # 34-1, p. 6). Because Plaintiff has failed to describe each individual defendant's involvement in the alleged constitutional violation, he has failed to establish that each defendant knew of and disregarded a risk to his health or safety. *Farmer*, 511 U.S. at 837. Therefore, Plaintiff's Eighth Amendment claim must fail as a matter of law.

2. <u>Personal Participation in a Constitutional Violation</u>

Ms. Nira also argues that the claims against her must be dismissed because Plaintiff has failed to allege that she personally participated in any violation of his constitutional rights. The Court agrees.

8

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). "Personal participation in the specific constitutional violation complained of is essential" in a § 1983 action. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation."). To establish personal participation, a plaintiff must show that each individual defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The mere fact that a government official has supervisory or managerial authority does not create § 1983 liability. *Id*. (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)). Rather, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id*. (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)); *accord Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)).

Even when Plaintiff's factual allegations are construed liberally, Plaintiff's Complaint fails to plausibly allege that Ms. Nira personally participated in the alleged constitutional violation. Indeed, the Complaint does not even mention Ms. Nira, except to list her as a defendant in the case. The Complaint instead asserts generalized accusations that "[a]ll named defendants" are responsible for allegedly violating his Eighth Amendment rights. (Doc. # 34-1, p. 6). These allegations are vague and

conclusory, and they do not plausibly establish that Ms. Nira personally participated in any deprivation of Plaintiff's constitutional rights.

3. <u>Qualified Immunity</u>

Finally, Ms. Nira alleges that she is entitled to qualified immunity. The Court agrees that the facts as currently pled cannot overcome the defense of qualified immunity.

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012) (internal quotation marks omitted). However, when a qualified immunity defense is raised in a motion to dismiss, the defense is subject "to a more challenging standard of review than would apply on summary judgment," *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004), as "it is the defendant's conduct as alleged in the complaint that is scrutinized," *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (emphasis omitted). Thus, to resolve a motion to dismiss based on qualified immunity, the Court asks only whether the conduct alleged in the complaint would establish a violation of a clearly established constitutional right. "To determine whether the right was clearly established, we ask whether the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (internal quotation marks omitted).

As discussed above, Plaintiff has failed to plead a plausible claim for a violation of his clearly established constitutional rights. Therefore, the Complaint as it is currently pled cannot overcome the defense of qualified immunity. However, because it is conceivable that Plaintiff could plead his claims with enough specificity to overcome this defense, the Court may revisit the issue after Plaintiff has an opportunity to amend his Complaint.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Vickie Nira's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Doc. # 45) is GRANTED. It is

ORDERED that Plaintiff's Equal Protection claim is DISMISSED WITHOUT PREJUDICE as to all Defendants. It is

FURTHER ORDERED that Plaintiff's claim for violations of the VRA are DISMISSED WITH PREJUDICE as to all Defendants. It is

FURTHER ORDERED that Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs is DISMISSED WITHOUT PREJUDICE as to all Defendant Vickie Nira only. It is

FURTHER ORDERED that Plaintiff shall file an amended complaint curing the

deficiencies described above on or before October 14, 2022. If Plaintiff fails to correct these deficiencies by that date, the above claims will be dismissed with prejudice.

DATED:  September 21, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge